No. 11,788.

PETERSON, ET AL. *v*. WESTERN EQUIPMENT CO.

Decided July 9, 1928.

Messrs. HUGHES & DORSEY, Mr. W. CLAYTON CARPENTER, for plaintiff in error.

Mr. LEE COTTON, Mr. PHILIP W. MOTHERSILL, for defendant in error.

*Department One.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

THE Western Equipment Company brought this action to recover of Peterson, Shirley and Gunther the sum of $1,270.86 "on an account for goods, wares and merchandise sold and delivered to the defendants." The defendants filed an answer which, for the purposes of this review, may be regarded as a general denial. The plaintiff had a verdict and judgment, and the defendant is here on a writ of error to review that judgment.

The plaintiff is a Denver concern engaged in selling and distributing machinery and equipment. The defendant, an Omaha copartnership, was engaged in the construction of a railroad in the state of Wyoming, and was similarly engaged in construction work in Colorado and in the state of New Mexico, although the items in controversy in this review relate only to the construction work in Wyoming. The defendant was carrying on these construction enterprises through numerous subcontractors. It appears that orders given to plaintiff for equipment and supplies in connection with the construction work were made by letters, telegrams and telephone messages. Most of the orders for supplies were given direct to plaintiff by the subcontractors and were charged on the books of the plaintiff to Peterson, Shirley and Gunther. There is testimony in the record that on November 1, 1923, after all of the work in Wyoming had been stopped and shut down in October, P. J. Shirley, one of the members of the defendant firm, had written a letter to plaintiff, stating in substance that when the invoices for these supplies shipped to the subcontractors and delivered on the work had been checked and O. K.'d, the defendant would pay all bills of the subcontractors. There was evidence on behalf of the plaintiff that this letter and other files relating to this work had been lost, and secondary evidence was received as to its contents.

After the plaintiff had rested its case, and at the very close of the cross-examination of defendant's last witness called in the case, counsel for plaintiff stated to the court,

to-wit: "We are suing upon a special agreement on behalf of the defendant to pay these obligations."

The defendant thereupon moved for a directed verdict, which the court denied. This ruling of the court was made one of the grounds for a new trial, and the over-ruling of that motion is assigned as one of the grounds for a reversal of the judgment. We think the ruling denying the motion for a directed verdict constituted reversible error. The special agreement announced to the court by plaintiff as the basis of plaintiff's cause of action constituted a departure and stated a different cause of action from the one alleged in the complaint. It was not an original promise. It was not a promise by which the interest of the promissor was in any way to be subserved by the future prosecution of the construction work, but was a promise to pay the debt of another, after the construction work had come to an end.

In this view of the record it is not necessary to pass upon the other assignments of error.

The judgment is reversed and cause remanded.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE BURKE, and MR. JUSTICE WALKER concur.